FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 FEB 22  P 4: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| VANDER INTERMEDIATE HOLDING III CORP., | |
| Plaintiff, | Civil Action No. 1: 16 CV 181 CMH / IDD |
| v. | |
| MICHELLE K. LEE, in her official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Vander Intermediate Holding III Corporation ("Plaintiff" or "Vander"), by and through its undersigned attorneys, for its Complaint against Michelle K. Lee in her official capacity as the Director of the United States Patent and Trademark Office ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO"), under Section 21(b)(1) of the Trademark Act, 15 U.S.C. § 1071(b)(1).

2. On December 22, 2015, the TTAB affirmed a refusal to register the mark in Application Serial No. 86/163,005. The TTAB found that Vander's mark is confusingly similar to the mark in Registration Nos. 4,167,982 and 4,167,887, each cited by the Trademark Examining Attorney under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

23560104

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of Delaware.

4. Defendant is the Director of the USPTO, a federal agency with an address at P.O. Box 1450, Alexandria, VA 22313-1450, and a physical address of Madison Building, 600 Dulany Street, Alexandria, Virginia, 22314.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to Section 21(b) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1071(b), which provides that a party dissatisfied with a final decision of the USPTO's TTAB may institute a new civil action in Federal District Court challenging such a decision. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(A).

## FACTUAL BACKGROUND

7. Vander owns U.S. Trademark Application Serial No. 86/163,005 (the "Application"), filed on January 10, 2014, which is currently pending before the USPTO. The Application is for the word mark BLUELINE RENTAL for the following services in International Class 37: "rental of construction and building equipment to others, none of the foregoing services including the provision of building construction, construction management, general construction contracting, or general contracting and commercial construction services" (the "Class 37 Services").

8. As initially filed, the Application additionally sought registration of the word mark BLUELINE RENTAL for the following services in International Class 35: "business management; business consultations; franchising, namely, offering technical assistance in the

- 2 -

establishment and/or operation of facilities for the rental and sale of construction and building equipment, none of the foregoing services including the provision of building construction, construction management, general construction contracting, or general contracting and commercial construction services" (the "Class 35 Services"). The Class 35 Services were divided out into Application Serial No. 86/976,012, which was allowed on July 14, 2015.

9. Defendant initially refused registration of Vander's mark under 15 U.S.C. § 1052(d), citing as its basis a purported likelihood of confusion with Registration No. 4,167,982 for the word mark BLUELINE for "General contracting and commercial construction services" and Registration No. 4,167,887 for the design mark shown below ("BLUELINE & Design") for "Building construction; Construction management; General construction contracting" (collectively, the "Cited Marks"), each owned by BlueLine Associates, Inc.



10. In an Office Action dated June 6, 2014, Defendant continued and made final the refusal based on a likelihood of confusion with the Cited Marks.

11. Vander timely filed a Notice of Appeal with the TTAB and Request for Reconsideration by the Trademark Examining Attorney. On December 22, 2014, the Request for Reconsideration was denied.

12. On December 22, 2015, the TTAB issued an opinion and order denying Vander's appeal and affirming the Examining Attorney's refusal to register Vander's mark.

- 3 -

13. In denying Vander's appeal, the TTAB erred in holding that Vander's mark, BLUELINE RENTAL, for the Class 37 Services is confusingly similar to Cited Marks when all relevant *du Pont* factors are considered and weighed appropriately. *See In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357 (CCPA 1973).

14. The TTAB erred in holding that the overall commercial impression and connotation of Vander's mark, BLUELINE RENTAL, for the Class 37 Services are the same as those of the Cited Marks.

15. The TTAB erred in holding that there are no third-party uses or registrations that incorporate the term BLUELINE in connection with relevant goods or services.

16. The TTAB erred in holding that the Class 37 Services are related to the services of the Cited Marks and are offered through the same channels of trade to the same customers.

17. The TTAB erred in its application of, and analysis under, *du Pont*, 476 F.2d 1357, including its holding that the fourth *du Pont* factor was neutral despite recognizing that the relevant customers are sophisticated and exercise care in the purchase of the relevant services.

## COUNT ONE

### Request for Adjudication Under Section 21(b) of the Trademark Act

18. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

19. Section 21(b)(1) of the Trademark Act, 15 U.S.C. § 1071(b)(1), provides that whenever a person "is dissatisfied with the decision" of the TTAB and commences a civil action to challenge the decision, the "court may adjudge that an application is entitled to registration upon the application involved."

- 4 -

20. Plaintiff requests that the Court hold as a matter of law that the TTAB erred in refusing to registration of Plaintiff's mark, BLUELINE RENTAL, for the Class 37 Services.

## COUNT TWO

### Request for Adjudication Under Section 21(b) of the Trademark Act

21. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

22. Section 21(b)(1) of the Trademark Act, 15 U.S.C. § 1071(b)(1), provides that whenever a person "is dissatisfied with the decision" of the TTAB and commences a civil action to challenge the decision, the court may decide "such other matter as the issues in the proceeding require."

23. Plaintiff requests that the Court hold that Plaintiff's mark, BLUELINE RENTAL, is not confusingly similar to the Cited Marks when used in connection with the Class 37 Services.

## NOTICE OF NEW EVIDENCE AND ISSUES

24. Plaintiff intends to introduce new evidence, including evidence of the use of "BLUELINE" in marks in the construction context. *See, e.g.,* www.blueline-construction.com. Plaintiff also intends to introduce new issues not previously considered by the USPTO in its adjudication of this matter.

25. Plaintiff requests that this Court undertake *de novo* review of any legal issues and factual disputes previously presented to the USPTO which may arise in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vander requests this Court to enter Judgment:

23560104

A. Reversing the order of the TTAB dated December 22, 2015, and to order the allowance of Vander's Application for registration of the mark BLUELINE RENTAL in connection with the Class 37 Services;

B. Declaring that Vander's mark, BLUELINE RENTAL, is not confusingly similar to the Cited Marks when used in connection with the Class 37 Services;

C. Requiring Defendant to Approve the Application for publication and subsequent registration upon Plaintiff's establishment of a valid basis for registration under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a); and

D. Awarding Vander such other and further relief as this Court may deem proper.

Dated: February 22, 2016

SNELL & WILMER L.L.P.

By: _____

Charles F. Hauff, Jr.
(*pro hac vice* forthcoming)
R. Lee Fraley
(*pro hac vice* forthcoming)
Simone T. Raess (VSB # 86379)
(*pro hac vice* forthcoming)
sraess@swlaw.com
SNELL & WILMER L.L.P
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone: 602.382.6000
Facsimile:602.382.6070

Robert C. Bertin (VSB #41278)
r.bertin@morganlewis.com
Conrad W. Bolston
(*pro hac vice* forthcoming)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave, N.W.
Washington, DC 20004
Telephone: 202.373.6000
Facsimile: 202.373.6001

*Attorneys for Plaintiff*

23560104